# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**CEDRICK RUTHERFORD, SR.; et al.**                                      **PLAINTIFFS**

**v.**                                                            **CAUSE NO. 1:18cv394-LG-RHW**

**HUNT SOUTHERN GROUP, LLC**
*formerly known as* **Forest City**
**Southern Group, LLC; et al.**                                          **DEFENDANTS**

## ORDER GRANTING SECOND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND FINDING MOOT MOTION TO DISMISS

BEFORE THE COURT are two motions: the [34] Motion to Dismiss filed by Defendant Forest City Residential Management, LLC ("FCRM") and the [47] Second Motion for Leave to File Amended Complaint filed by Plaintiffs Cedrick Rutherford, Sr.; Shaquita Rutherford; Ahshaunah Rutherford; and Cedrick Rutherford, Jr. The Motion to Dismiss is fully briefed, but the Motion for Leave to Amend is only indirectly responded to in FCRM's Reply Memorandum on the Motion to Dismiss. Having considered the submissions of the parties, the record, and relevant law, the Court determines that Plaintiffs' Second Motion for Leave to File Amended Complaint should be granted. Defendant's Motion to Dismiss – which is directed at Plaintiff's First Amended Complaint – will thus be found moot.

## I. BACKGROUND

Plaintiffs allege that they were exposed to mold while living in housing at Keesler Air Force Base in Biloxi, Mississippi. The defendants are alleged to have owned or managed the property since its construction was completed in 2010. This is one of about a dozen similar cases currently pending before this Court against the

same named defendants. On February 21, 2019, FCRM filed a Motion to Dismiss, arguing that Plaintiffs have no legal basis for FCRM's inclusion in this lawsuit because FCRM ceased managing the subject property before Plaintiffs first occupied the housing in September 2017. On March 8, 2019, Plaintiffs filed their Motion for Leave to File Second Amended Complaint. FCRM's Reply brief was filed after Plaintiffs' Motion, but does not address the proposed new third-party-beneficiary claim against FCRM, which Plaintiffs say arises out of documents produced by Defendants during discovery. FCRM has not responded to the merits of Plaintiffs' Motion. Because resolution of the Motion for Leave to Amend moots FCRM's Motion to Dismiss, the Court will address this motion first.

## II. DISCUSSION

Plaintiffs' Motion for Leave to Amend seeks leave of court to file a proposed Second Amended Complaint. This Motion, filed March 8, 2019, is untimely. The deadline for amendments to pleadings was March 1, 2019. Plaintiffs' Motion does not recognize its own untimeliness, but Plaintiffs argue they "are entitled to amend their complaint because there has not been undue delay. The only new cause of action being asserted . . . is entirely based upon the production of a relevant document by Defendants." (Mem. Supp. Mot. Leave Amend 6, ECF No. 48.) Neither FCRM nor any other defendant responds to Plaintiffs' Motion.

Federal Rules of Civil Procedure 15(a) and 16(b) operate in tandem to govern the amendment of pleadings after a scheduling order's deadline to amend has passed. *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).

Under Rule 16(b) – which sets forth a higher initial threshold than the more liberal standard of Rule 15(a) – the deadline to amend can only be extended upon a party's demonstration of good cause and with the Court's consent. *Id.*

Good cause requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Texas Indigenous Council v. Simpkins*, 544 F. App'x 418, 420 (5th Cir. 2013) (quoting *S & W Enters., L.L.C. v. Southtrust Bank of Ala.,* 315 F.3d 533, 535 (5th Cir. 2003)). Four factors are relevant to this analysis: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Fahim,* 551 F.3d at 348 (quoting *Sw. Bell Tel. Co. v. City of El Paso,* 346 F.3d 541, 546 (5th Cir. 2003)). "If the party meets the good-cause standard, the deadline can be extended, and the more liberal standard of Rule 15(a) will then apply to the request for leave to amend." *Texas Indigenous Council*, 544 F. App'x at 420 (citing *Fahim*, 551 F.3d at 348).

"[L]eave to amend under Rule 15(a) is to be freely given[; however,] that generous standard is tempered by the necessary power of a district court to manage a case." *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 678 (5th Cir. 2013) (quoting *Schiller v. Physicians Res. Grp. Inc.,* 342 F.3d 563, 566 (5th Cir. 2003)). In determining whether to grant leave to amend under Rule 15(a), "the court may consider factors such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment.'" *Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013) (alteration in original) (citations omitted).

Plaintiffs' explanation for the timing – and thus the untimeliness – of their request is that they only learned of the facts supporting a new cause of action against FCRM through the course of discovery. Defendants do not contest this assertion, and the Court finds no reason to doubt Plaintiffs' representation. As to the importance of the amendment, the new claim is intended to ensure that Plaintiffs can recover from FCRM for their alleged injuries. The claim is an alternative theory of liability not previously alleged. For Plaintiffs, this amendment is therefore important to this litigation.

The potential prejudice in allowing the amendment is minimal given that this case remains in its infancy. This case is only four months' old and has barely progressed into discovery. FCRM argues that its inclusion in this litigation is baseless and Plaintiffs should be sanctioned for continuing to pursue frivolous claims against FCRM, but FCRM will not be prejudiced by a slight delay in resolution of its arguments for dismissal. FCRM is involved in numerous similar lawsuits in which it makes no such claims for dismissal, and Plaintiffs have asked for leave to amend their First Amended Complaint if the Court should grant FCRM's pending Motion to Dismiss (which the Court would likely be obliged to grant at this stage). Finally, no continuance is necessary given that discovery closes

September 3, 2019.  One would be available, however, were it necessary to cure prejudice to FCRM.

Consideration of each of these four factors leads to the conclusion that Plaintiffs' requested leave to amend is supported by good cause.  The Court accordingly turns to the Rule 15(a) analysis.  Plaintiffs' explanation for the untimeliness of the amendment already negates a finding of undue delay, bad faith, or dilatory motive.  Although Plaintiffs have already amended their pleadings once, neither the prior nor newly-proposed amendments purport to cure repeated deficiencies.  The Court has also determined that FCRM will not suffer undue prejudice if Plaintiffs are granted leave to amend.  And last, FCRM does not address the viability/futility of Plaintiffs' new cause of action.  To the extent that FCRM's Motion to Dismiss tangentially addresses the new claim, the issue is not adequately briefed by either side for the Court to make a determination about the sufficiency of the allegations.  This issue is also better resolved in the context of a motion to dismiss.  Accordingly, the Court finds that consideration of these factors and Rule 15(a)'s pro-leave guidance counsels in favor of granting Plaintiffs' request to amend.

### III. CONCLUSION

The Court has considered the arguments raised by Plaintiffs and FCRM and finds that Plaintiffs should be granted leave to file their proposed Second Amended Complaint.  Because this new complaint will supplant the First Amended Complaint as the operative complaint, FCRM's Motion to Dismiss is rendered moot.  The Motion to Dismiss will be denied without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [47] Second Motion for Leave to File Amended Complaint filed by Plaintiffs Cedrick Rutherford, Sr.; Shaquita Rutherford; Ahshaunah Rutherford; and Cedrick Rutherford, Jr. is **GRANTED**. Plaintiffs are instructed to file their Second Amended Complaint within seven (7) days of this Order's entry. The [34] Motion to Dismiss filed by Defendant Forest City Residential Management, LLC is **MOOT** and therefore **DENIED** without prejudice.

**SO ORDERED AND ADJUDGED** this the 2nd day of April, 2019.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE